

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAVY SEAL 1, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>LLOYD AUSTIN, *et al.*,<br><br>              Defendants. | Case: 1:22−cv−00688<br>Assigned To : Kollar−Kotelly, Colleen<br>Assign. Date : 3/11/2022<br>Description: Other Civil Rights (L−DECK)<br>Civil Action No.<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Plaintiffs, four Navy SEALs, have moved to proceed pseudonymously, Pls.' Mot. to Proceed Pseudonymously ("Pls.' Mot."), in their instant action challenging "the enforcement of the COVID-19 Vaccine Mandate and any and all adverse consequences Defendants have imposed, or intend to impose, upon Plaintiffs for objecting to the mandate on religious grounds," Compl. ¶ 2.  In their positions, plaintiffs participate in classified military operations and, consequently, are concerned that disclosure of their names "would place them and their families in grave danger," along with "other members of the special operations forces and their families," as well as "compromise national security interests."  Pls.' Mot. at 1.  For the reasons set forth below, the motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

---

[1]     The instant motion has been directly referred to the undersigned Chief Judge for resolution.  *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint, motion to seal the address of the plaintiff, and motion to file a pseudonymous complaint"); *see also* D.D.C. LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.  **BACKGROUND**

The four plaintiffs "are members of the elite U.S. Navy Sea, Air, and Land Teams, commonly known as Navy SEALs" who have served "as SEALs for 9 years, 12 years, 25 years, and 12 years respectively." Pls.' Mot. at 1. They "are currently subject to the challenged vaccine mandate," Compl. ¶ 8, but their "sincerely held religious beliefs prevent them from receiving any of the current COVID-19 vaccines," *id.* ¶ 15. As a consequence, "they will face punitive measures for exercising their religion, regardless of whether they are granted a religious exemption to the mandate," *id.* ¶ 26, because the Department of Defense's regulations provide that "special operations (SO) duty personnel," including SEALs, "who refuse to receive the COVID-19 vaccine based solely on personal or religious beliefs will be disqualified from SO duty," which "will affect deployment and special pays," *id.* ¶ 25 (original emphasis removed). In their positions, they are required "to keep a low profile," since "[d]isclosing their identities to the public would put them and their family members at risk from terrorists and other enemies Plaintiffs have had to encounter and combat in the past" and "pose similar security risks for the future." Pls.' Mot. at 2.

In this suit, plaintiffs seek a declaration that the enforcement of the Vaccine Mandate violates the First and Fifth Amendments to the Constitution and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*, as well as an injunction against the Mandate's enforcement and an order that plaintiffs' status as Navy SEALs "be restored to the status Plaintiffs enjoyed prior to the enforcement of the Vaccine Mandate." Compl. at 33.

II.  **LEGAL STANDARD**

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P.

11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account

numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft*

*Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III.   DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiffs have met the burden of showing that their privacy and security interests outweigh the public's presumptive and substantial interest in knowing their identities.

First, as to the first factor regarding the justification asserted for requesting to proceed anonymously, plaintiffs state that they "have conducted numerous special operations missions, deployments, and other contingencies worldwide against multiple enemies," and "operated under Official and Non-Official Cover Programs with DoD National Mission Forces, State agencies, and other government agencies (OGA) such as the CIA, the FBI, and the DEA."  Pls.' Mot. at 2.  They explain that public disclosure of their identities "may compromise past and future sensitive operations," explaining that while they are on active duty, their identities must "remain undisclosed for the security of their missions, their families, and for their own personal security to ensure that they are able to exercise their critical operations."  *Id.*  Such concerns rise well above the mere desire to "avoid . . . annoyance and criticism" stemming from litigation.  *In re Sealed Case*, 931 F.3d at 97; *see also Peary v. Goss*, 365 F. Supp. 2d 713, 716 n.1 (E.D. Va. 2005) (noting that plaintiff, a former CIA officer, "has adopted a pseudonym for the purpose of this litigation to preserve CIA operational security").

Second, and relatedly, plaintiffs have sufficiently alleged that disclosure of their identities "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties."  *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6

F.3d at 238). Plaintiffs explain that "[d]isclosing their identities to the public would put them and their family members at risk from terrorists and other enemies Plaintiffs have had to encounter and combat in the past, and this exposure would pose similar security risks for the future." Pls.' Mot. at 2. Further, according to plaintiffs, "[w]ith facial recognition software, social media, and other new technologies, any publicity that highlights Plaintiffs' identities jeopardizes these operations and places Plaintiffs and their family members in jeopardy." *Id.* at 2–3. As such, "innocent non-parties" would be affected by disclosure of plaintiffs' identities and could face similar harm, as well. *In re Sealed Case*, 931 F.3d at 97. Thus, to the extent that Plaintiffs' families include minor children, the third *James* factor also weighs in favor of granting plaintiffs' motion. *See id.*

The fourth *James* factor weighs only slightly against granting plaintiffs' motion. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). While "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as plaintiffs have done here, anonymity appears to be necessary to provide them the opportunity to vindicate their rights.

Finally, defendants would suffer no "risk of unfairness" if plaintiffs' motion were granted. *In re Sealed Case*, 931 F.3d at 97. Allowing the plaintiffs to proceed under pseudonym will have little impact on any private rights, as the defendants are all government officials. The plaintiffs' identities, moreover, are already known to defendants through their employment as SEALs. Thus, allowing the plaintiffs to proceed pseudonymously will not compromise the defendants' ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant and "legitimate interest in anonymity" at this early stage in the litigation is more

than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97.  The general presumption in favor of open proceedings or public interest in disclosing plaintiffs' identities is significantly outweighed by the potential retaliatory threat that such disclosure would entail.  *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed Pseudonymously is **GRANTED** subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiffs may proceed in this case using the pseudonyms "Navy Seal 1," "Navy Seal 2," "Navy Seal 3," and "Navy Seal 4," respectively; it is further

**ORDERED** that the plaintiffs are directed to file a declaration containing their real names and residential addresses under seal within 10 days of this Order; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing plaintiffs' identities or any personal identifying information about plaintiffs that could lead to their identification by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: March 11, 2022

*Beryl A. Howell*
BERYL A. HOWELL
Chief Judge