IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAVY SEAL 1, NAVY SEAL 2, NAVY SEAL 3, and NAVY SEAL 4,<br><br>       Plaintiffs,<br><br>    v.<br><br>LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense; CARLOS DEL TORO, in his official capacity as Secretary of the United States Navy; and ADMIRAL MICHAEL M. GILDAY, individually and in his official capacity as Chief of Naval Operations,<br><br>       Defendants. | Case No. 1:22-cv-00688 (CKK)<br><br>Hon. Colleen Kollar-Kotelly |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT ........................................................................................................................ iv

CONCLUSION ......................................................................................................................7

CERTIFICATE OF SERVICE ...............................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

\*_Air Force Officer v. Austin_,
No. 5:22-cv-00009-TES, 2022 U.S. Dist. LEXIS 26660 (M.D. Ga. Feb. 15, 2022).......................1

_Chappell v. Wallace_,
462 U.S. 296 (1983)...........................................................................................................................3

_Church of Lukumi Babalu Aye, Inc. v. Hialeah_,
508 U.S. 520 (1993)...........................................................................................................................7

_City of Boerne v. Flores_,
521 U.S. 507 (1997)...........................................................................................................................6

_Creaghan v. Austin_,
--- F. Supp. 3d ---, 2022 WL 1500544 (D.D.C. May 12, 2022) .......................................................1

_Doe v. Trump_,
275 F. Supp. 3d 167 (D.D.C. 2017)..................................................................................................2

_Doe 2 v. Shanahan_,
755 F. App'x 19 (D.C. Cir. 2019)......................................................................................................2

\*_Doster v. Kendall_,
No. 22-3702, 2022 U.S. App. LEXIS 25339 (6th Cir. Sep. 9, 2022) ..........................................1, 5

_Emory v. Sec'y of Navy_,
819 F.2d 291 (D.C. Cir. 1987)...........................................................................................................3

_Fulton v. City of Phila._,
141 S. Ct. 1868 (2021).......................................................................................................................6

_Heap v. Carter_,
112 F. Supp. 3d 402 (E.D. Va. 2015) ...............................................................................................3

\*_McKoy v. Spencer_,
271 F. Supp. 3d 25 (D.D.C. 2017).....................................................................................................4

\*_Navy Seal 1 v. Austin_,
No. 8:21-cv-2429-SDM-TGW, 2022 U.S. Dist. LEXIS 31640 (M.D. Fla. Feb. 18, 2022) ...........1

\*_Navy SEALS 1-26 v. Austin_,
No. 4:21-cv-01236-O, 2022 U.S. Dist. LEXIS 65937 (N.D. Tex. Mar. 28, 2022) ........................1

*Navy SEAL v Austin*,
--- F. Supp. 3d ---, 2022 WL 1294486 (D.D.C. Apr. 29, 2022)......................................................1

*SEAL 1 v. Austin*,
Civil Action No. 22-0688 (CKK), 2022 U.S. Dist. LEXIS 78494 (D.D.C. Apr. 29, 2022)....1, 2, 4

*Roe v. United States DOD*,
947 F.3d 207 (4th Cir. 2020) ............................................................................................................6

*Tandon v. Newsom*,
141 S. Ct. 1294 (2021)......................................................................................................................6

## Statutes & Rules

*42 U.S.C. § 2000bb-2(1)................................................................................................................4

Fed. R. Civ. P. 26(a)(2)....................................................................................................................5

Fed. R. Evid. 702 .............................................................................................................................5

## Other

*DOD INSTRUCTION 1300.17 ........................................................................................................4

**ARGUMENT**

In a Minute Order of September 15, 2022, the Court requested the parties to address "whether this case should be dismissed as nonjusticiable. *See Navy SEAL v Austin*, --- F. Supp. 3d ---, 2022 WL 1294486, at *5-6 (D.D.C. Apr. 29, 2022); *Creaghan v. Austin*, --- F. Supp. 3d ---, 2022 WL 1500544, at *5-6 (D.D.C. May 12, 2022)." (Minute Order, Sep. 15, 2022).

In *Navy SEAL v. Austin* and *Creaghan v. Austin*, the Court questioned whether a challenge to the military's vaccine mandate is justiciable. The Court summarized its concern in *Navy SEAL v. Austin* as follows:

> there are serious questions as to whether a judicial challenge to a military medical requirement (1) "usurps the functions" of powers committed to the Executive through the Commander-in-Chief Clause and (2) involves scientific determinations that "are not matters of judicial expertise but are matters of . . . technical expertise."

*Navy SEAL 1 v. Austin*, Civil Action No. 22-0688 (CKK), 2022 U.S. Dist. LEXIS 78494, at *16 (D.D.C. Apr. 29, 2022).

Plaintiffs' challenge to the vaccine mandate is justiciable.

This Court is not the first, nor will it be the last, to find a challenge to the military vaccine mandate on its docket. Other federal courts have not only found such cases justiciable, they have granted injunctions based on the likelihood that the challengers (including Navy SEALs) will ultimately prevail on the merits. *See, e.g.*, *U.S. Navy Seals 1-26 v. Austin*, No. 4:21-cv-01236-O, 2022 U.S. Dist. LEXIS 65937 (N.D. Tex. Mar. 28, 2022) (granting class-wide injunction); *Navy Seal 1 v. Austin*, No. 8:21-cv-2429-SDM-TGW, 2022 U.S. Dist. LEXIS 31640 (M.D. Fla. Feb. 18, 2022) (granting injunction); *Air Force Officer v. Austin*, No. 5:22-cv-00009-TES, 2022 U.S. Dist. LEXIS 26660 (M.D. Ga. Feb. 15, 2022) (granting injunction); *see also Doster v. Kendall*, No. 22-3702, 2022 U.S. App. LEXIS 25339, at *9 (6th Cir. Sep. 9, 2022) (denying the government's motion to stay a class-wide injunction issued against the vaccine mandate and noting that RFRA

- 1 -

"allows the Department to impose that burden on a service member's exercise of [his] faith only as a last resort, after examining all the circumstances relevant to [his] individual case" and concluding that "[a] *de facto* policy to impose that burden upon class members in gross, regardless of their individual circumstances, would seem rather plainly to violate that restriction"). That is, these federal courts demonstrated their judicial expertise and competence, and they were quite capable of applying well-established law (RFRA) and legal tests (strict scrutiny) to the facts presented. Plaintiffs are confident that this Court also possesses the requisite competence and legal expertise to reach a decision on the merits in this case.

Indeed, this very Court previously demonstrated its ability (and willingness) to decide a case involving a military policy without hesitation even though the case was a challenge to the "military judgment" of the Executive Branch. *See Doe v. Trump*, 275 F. Supp. 3d 167 (D.D.C. 2017), *rev'd sub nom. Doe 2 v. Shanahan*, 755 F. App'x 19, 25 (D.C. Cir. 2019). In its prior order denying Navy SEAL 4's request for a preliminary injunction in this case, the Court cited *Doe 2 v. Shanahan*, for the proposition that the case "suggest[ed] that a 'blanket ban' prohibiting indefinitely the accession of transgender individuals into the military would be justiciable." *Navy SEAL 1 v. Austin*, 2022 U.S. Dist. LEXIS 78494, at *17. <u>Why?</u> How is a challenge to a policy against the accession of transgender individuals in the military, blanket or otherwise, anything but a court calling into question the "military judgment" of the Executive Branch? Indeed, such a policy raises <u>no</u> issues under RFRA (and the military is expressly required to comply with this statute), it raises no First Amendment issues, and it does not affect a suspect class. Is a court more capable of determining whether transgendered individuals in the armed forces adversely affect military operations by undermining, for example, unit morale or cohesion (two of the most important principles necessary for success in combat) than it is to determine whether the

government's vaccine mandate satisfies strict scrutiny based on the facts?  The latter seems to fit quite easily within the Court's competence while the former less so.  It can't be that the justiciability doctrine is simply a disguised way for a court to conclude that because it agrees with a particular claimant's position (or opposes a particular Commander-in-Chief), it will exercise its authority and decide the matter; whereas, if the court disagrees with the policy (and favors the Commander-in-Chief) it will exercise "deference."  Of course, such a position (whether real or perceived) would undermine the legitimacy of our federal courts.

Thankfully, this Court acknowledges its obligation to decide cases such as this vaccine mandate challenge irrespective of the political underpinnings.  As this Court accurately and clearly summarized in a prior case, judicial deference in cases such as this, which involve alleged violations of fundamental rights, is entirely inappropriate.  Per this Court:

> While judicial deference to military personnel actions is undoubtedly appropriate in many circumstances, it is not unlimited.  The D.C. Circuit has explained that although "the operation of the military is vested in Congress and the Executive, and . . . it is not for the courts to establish the composition of the armed forces . . . *constitutional* questions that arise out of military decisions regarding the composition of the armed forces are not committed to the other coordinate branches of government."  *Emory v. Sec'y of Navy*, 819 F.2d 291, 294 (D.C. Cir. 1987).  "Where it is alleged, as it is here, that the armed forces have trenched upon *constitutionally guaranteed rights* through the promotion and selection process, the courts are not powerless to act."  *Id.*  "*The military has not been exempted from constitutional provisions that protect the rights of individuals*" and, indeed, "[*i*]*t is precisely* <u>*the role of the courts to determine whether those rights have been violated.*</u>"  *Id.*; *see also Chappell v. Wallace*, 462 U.S. 296, 304 (1983) ("This Court has never held, nor do we now hold, that military personnel are barred from all redress in civilian courts for constitutional wrongs suffered in the course of military service.");  *Heap v. Carter*, 112 F. Supp. 3d 402, 413 (E.D. Va. 2015) (holding that First Amendment claim arising out of rejection of applicant to be a Navy chaplain was justiciable because the court did not "lack[ ] jurisdiction to decide constitutional questions that arise out of military decisions about establishing the armed forces.").  <u>*The Court has an obligation to, and is capable of, entertaining Plaintiff's First Amendment claim.*</u>

*McKoy v. Spencer*, 271 F. Supp. 3d 25, 35-36 (D.D.C. 2017) (Kollar-Kotelly, J.) (finding justiciable a challenge by an "African American female who was previously employed by the Navy as a dentist" to "the manner in which the Navy suspended and then discharged" her, in which she alleges that the Navy "violated her rights under the First and Fifth Amendments to the United States Constitution, as well as the Privacy Act") (emphasis added).

As Plaintiffs noted in a prior filing, it would be inappropriate to ask a federal court to review the arguably incompetent decision of the Commander-in-Chief to surrender perimeter security to a hostile enemy terrorist group during the recent evacuation of Afghanistan; a decision that resulted in many needless deaths, including deaths of American servicemembers and civilians. Such review would necessarily call into question the "military judgment" of the Executive Branch. Courts have no business doing so.  However, to rule whether the vaccine mandate violates clearly established constitutional and statutory rights is within a court's wheelhouse.[1]  Accordingly, as this Court itself noted previously, a court has an "obligation" to decide such matters.  In sum, there are no legitimate barriers to this Court's ability to decide this case on its merits.  None.

A second, but related, concern noted by this Court is the following: "Not only do judges not make good generals, . . . they also do not make good immunologists or epidemiologists.  On top of the military justiciability issues here, this case raises exceptionally fraught questions of medical science . . . ."  *Navy SEAL 1 v. Austin*, 2022 U.S. Dist. LEXIS 78494, at *19.  This alleged concern is not a legitimate basis for dismissing this case for multiple reasons.  First, courts

---

[1] Congress made RFRA applicable to the military, 42 U.S.C. § 2000bb-2(1) (applying RFRA to any "branch, department, agency, instrumentality, and official . . . of the United States"), and the military readily acknowledges this fact, DOD INSTRUCTION 1300.17 ("[e]stablish[ing] DoD policy in furtherance of the Free Exercise Clause of the First Amendment to the Constitution of the United States, recognizing that Service members have the right to observe the tenets of their religion" and "[i]mplement[ing] requirements [of RFRA]").

routinely decide matters involving medical or scientific expertise.  The Federal Rules of Evidence and the Federal Rules of Civil Procedure expressly provide for this.  *See* Fed. R. Evid. 702 (permitting expert opinion evidence where, *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"); Fed. R. Civ. P. 26(a)(2) (requiring disclosure of expert testimony).  There is nothing unique here.

Second, the Court could rule in Plaintiffs' favor based on the government's policy of issuing blanket denials (*see* First Am. Compl. ¶¶ 66, 67, 69, 70, 72) without having to wade through any medical evidence, *see Doster v. Kendall*, 2022 U.S. App. LEXIS 25339, at *9 (stating that "[a] *de facto* policy to impose that burden upon class members in gross, regardless of their individual circumstances, would seem rather plainly to violate [RFRA]").

Third, the fact that Plaintiffs have natural immunity alone demonstrates that the government cannot carry its burden to satisfy strict scrutiny in this case.  As the Centers for Disease Control ("CDC") note, the COVID-19 vaccines are a "new approach to vaccines."  Per the CDC, "mRNA vaccines are a new type of vaccine to protect against infectious diseases.  To trigger an immune response, many vaccines put a weakened or inactivated germ into our bodies.  Not mRNA vaccines.  Instead, they teach our cells how to make a protein—or even just a piece of a protein— *that triggers an immune response inside our bodies.  That immune response, which produces antibodies, is what protects us from getting infected if the real virus enters our bodies*."  (FAC ¶ 95, 96).  The body of a person who has had COVID-19 and recovered has already "trigger[ed] an immune response . . . which produce[d] antibodies" to the virus, thereby "protect[ing the person] from getting infected [again]."  Consequently, if the antibodies developed from having had COVID-19 do not protect the person, then the antibodies created by the vaccines are useless,

particularly since natural immunities are better than those created by vaccines.  This is virology 101.  (*See* FAC ¶¶ 34, 37, 38, 96, 101, 103, 112, 117, 129, 130).  It doesn't require any extensive scientific knowledge to recognize this dispositive point.  *See, e.g., Roe v. United States DOD*, 947 F.3d 207, 213 (4th Cir. 2020) (finding challenge to Air Force's decision to discharge HIV positive servicemembers justiciable and reviewing the science regarding the efficacy of antiretroviral therapy).  Indeed, pursuant to the Navy's own regulations, exemptions to vaccines are routinely provided if there is "[e]vidence of immunity based on serologic tests, documented infection, or similar circumstances."  BUMEDINST 62330.15B; (*see* FAC ¶ 123).  Here, basic concepts of virology are discarded when it comes to the highly-politicized COVID-19 vaccine.  Natural immunity is the best defense against a virus, as the Navy's regulations confirm.  The challenged mandate does not satisfy strict scrutiny.  *Compare Roe v. United States DOD*, 947 F.3d at 233-34 (affirming under *rational basis* review a nationwide injunction against the military policy of discharging HIV-positive servicemembers).

Finally, it is the government's burden to satisfy strict scrutiny, the "most demanding test known to constitutional law."[2]  *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997); *see also Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) ("[Strict scrutiny] requires the State to further 'interests of the highest order' by means 'narrowly tailored in pursuit of those interests.' . . .  That standard 'is not watered down'; it 'really means what it says.'") (internal citation omitted).

Under strict scrutiny, "so long as the government can achieve its interests in a manner that does not burden religion, it _**must**_ do so."  *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1881 (2021)

---

[2] Indeed, irrespective of the scientific/medical evidence, Defendants' delays with addressing the appeals of Navy SEALs 1 through 3 alone undermine any legitimate claim that the government has a compelling interest in enforcing the vaccine mandate.  (*See also* FAC ¶ 71 [alleging that the delay is a litigation tactic]).

(emphasis added).  As a result, the government carries the heavy burden of demonstrating its compelling interest and that there are no other less restrictive means of accomplishing its compelling interest.  In other words, it is the government's burden to present evidence as to why it has a *compelling interest* (an interest of the "highest order") to force a vaccine on a person when, *inter alia*, (1) the pandemic is over, (2) the person has natural immunity, and (3) vaccinated individuals can still get infected and spread the virus.  It is the government's burden to present credible evidence demonstrating that the COVID-19 vaccine is safe for Plaintiffs and that it offers immunity superior to Plaintiffs' natural immunity.  It is the government's burden to present credible evidence to show why someone with a health exemption is permitted to serve (undermining the government's alleged interests), but someone with a religious objection (and/or natural immunity) is not.  *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 547 (1993) ("[A] law cannot be regarded as protecting an interest 'of the highest order' . . . when it leaves appreciable damage to that supposedly vital interest unprohibited.").  It is the government's burden to present credible evidence demonstrating the inefficacy of available therapeutics.  *See, e.g., Fisher v. Univ. of Tex.*, 570 U.S. 297, 311-15 (2013) (requiring a "serious, good faith consideration of workable [alternatives]") (citation omitted).

In the final analysis, to prevail, the government must present credible *evidence* that the vaccine mandate is the <u>only</u> effective, feasible, and safe way to protect the health and safety of the military force.  Defendants cannot remotely meet this burden.  This is not a difficult case.  The Court has the necessary expertise, as well as the "obligation," to decide the matter.

## CONCLUSION

The Court should deny Defendants' motions to dismiss.

Respectfully submitted,

**AMERICAN FREEDOM LAW CENTER**

/s/ *Robert J. Muise*
Robert J. Muise, Esq. (D.C. Court Bar No. MI 0052)
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756
rmuise@americanfreedomlawcenter.org

/s/ *David Yerushalmi*
David Yerushalmi, Esq. (DC Bar No. 978179)
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20001
dyerushalmi@americanfreedomlawcenter.org
(646) 262-0500

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system.  Parties may access this filing through the court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert J. Muise, Esq.