IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAVY SEAL 1, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LLOYD AUSTIN,<br>Secretary of Defense, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00688 (CKK) |

**DEFENDANTS' JOINT RESPONSE TO THE ORDER TO SHOW CAUSE**

On December 23, 2022, the Court issued a minute order directing the parties to show cause why this matter should not be dismissed as moot in light of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. ___, H.R. 776, 117th Cong. (2022) ("NDAA"), Section 525 of which directs the Secretary of Defense to "rescind the mandate that members of the Armed Forces be vaccinated against COVID-19." Defendants (both in their official and individual capacities) respectfully submit that at least some and possibly all aspects of this case will become moot and that the Court should order further briefing on mootness after the rescission mandated by the NDAA is implemented by the Department of Defense.

　　　1.　　　Three of the four Plaintiffs are serving on active duty with the United States Navy. Am. Compl. ¶¶ 9–10, ECF No. 43. A fourth Plaintiff retired from active duty on July 1, 2022. Katson Decl. ¶ 2(c), ECF No. 44-3. Plaintiffs seek an order "enjoining the enforcement of the COVID-19 Vaccine Mandate and any and all adverse consequences Defendants have imposed, or intend to impose, upon Plaintiffs for objecting to the mandate on religious grounds." Am. Compl. ¶ 2. They also seek money damages from one Navy official in his individual capacity, Admiral Gilday. *Id.* at 41. One Plaintiff, Navy SEAL 4, sought a preliminary injunction, which this Court denied. *Navy SEAL 1 v. Austin*, --- F. Supp. 3d ---, 2022 WL 1294486 (D.D.C. Apr. 29, 2022).

That order is on appeal, *Navy SEAL 1 v. Austin*, No. 22-5114 (D.C. Cir.), where the government has moved over Navy SEAL 4's opposition for an abeyance and for the case to be removed from the argument calendar on January 18, 2023, in light of the NDAA. That motion is pending resolution by the Court of Appeals. In this Court, Defendants have filed motions to dismiss, which are fully briefed, including a court-ordered surreply by Plaintiffs. ECF Nos. 44, 45, 48, 50, 51.

      2.      On December 23, 2022, the President signed the NDAA. Section 525 of the Act states: "Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding 'Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members.'" Immediately after the President signed the NDAA, this Court issued its minute order directing the parties to show cause why the case is not moot.

      3.      Once the Secretary of Defense takes the action required by Section 525, this case will become moot at least insofar as it seeks an injunction against enforcement of the military's COVID-19 vaccination requirement. *See Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("It is well established that a case must be dismissed as moot if new legislation addressing the matter in dispute is enacted while the case is still pending."). The full impact of the rescission on Plaintiffs' claims will be better understood, however, after the Secretary issues the recission. Defendants therefore respectfully propose that the parties submit a joint status report one week after the Secretary issues the recission of the COVID-19 vaccination requirement proposing a schedule for further proceedings, including any supplemental briefing on the issue of mootness.

      4.      With respect to the individual-capacity claim, the impending rescission of the vaccination requirement reinforces the argument raised in Admiral Gilday's motion to dismiss that

this case is not justiciable. *See* ECF No. 45-1 at 5-6. Plaintiffs' claims are not ripe because Admiral Gilday has not decided the appeals of SEALs 1-3 and did not cause SEAL 4 to be disciplined, discharged, or otherwise injured. *Id.* Now, in light of Section 525, it is clear that Admiral Gilday will never decide the appeals of SEALs 1-3. Plaintiffs' allegations that Admiral Gilday is intentionally delaying the denial of their appeals should thus be disregarded and their claims dismissed. *See* First Am. Compl., ECF No. 43, at 18. Moreover, it is also clear that SEAL 4 will not be required to undergo COVID-19 vaccination pursuant to the August 2021 mandate. This Court should therefore grant Admiral Gilday's motion to dismiss in full.

Dated: January 6, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Johnny Walker*
ANDREW E. CARMICHAEL
VA Bar. #76578
Senior Trial Counsel
MICHAEL P. CLENDENEN
DC Bar #1660091
CASSANDRA M. SNYDER
DC Bar #1671667
JOHNNY H. WALKER
DC Bar # 991325
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-3183

Fax: (202) 616-8470
Email: johnny.h.walker@usdoj.gov

*Counsel for Official-Capacity Defendants*

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

*/s/ Daniel C. Luecke*
DANIEL C. LUECKE
Trial Attorney
California State Bar. No. 326695
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-3049
Fax: (202) 616-4314
E-mail: daniel.c.luecke@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
Trial Attorney
D.C. Bar No. 995057
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 598-3988
Fax: (202) 616-4314
E-mail: joseph.a.gonzalez@usdoj.gov

*Attorneys for Admiral M.M. Gilday*