IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NAVY SEAL 1, *et al.*,

Plaintiffs,

v.

LLOYD AUSTIN,
Secretary of Defense, *et al.*,

Defendants.

Case No. 1:22-cv-00688 (CKK)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE
TO SHOW CAUSE REGARDING MOOTNESS**

Plaintiffs challenge a COVID-19 vaccination requirement that no longer exists and seek relief that this Court therefore cannot grant them. On December 23, 2022, Congress passed Section 525 of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"). *See* Pub. L. No. 117-263, § 525 (Dec. 23, 2022), 136 Stat 2395. Section 525 of the NDAA directed the Secretary of Defense, within 30 days, to rescind the August 2021 memorandum requiring vaccination of service members for COVID-19. Pursuant to the NDAA, the Secretary of Defense issued a memo on January 10, 2023. *See* 1/10/2023 SECDEF Memo ("Rescission Memo") (attached as Ex. 1). That memo rescinded the Secretary's August 24, 2021 memorandum, which required COVID-19 vaccination, and his November 30, 2021 memorandum, which required COVID-19 vaccination for members of the National Guard and the Ready Reserve.

The statutorily-mandated Rescission Memo confirms that this case is moot as to Plaintiffs' claims against Defendants in their official capacities. The Rescission Memo prohibits separations based solely on refusal of the COVID-19 vaccine by service members who sought an exemption. *Id.* The Rescission Memo further directs the Services to update the records of individuals currently serving to remove any adverse actions solely associated with the denial of an accommodation request. *Id.* The Rescission Memo also halts the processing of requests for exemption to the now-

defunct mandate. *Id.* The NDAA, as implemented through the Rescission Memo, thereby grants Plaintiffs the relief they sought against Defendants in their official capacities. They thus lack a legally cognizable interest in the outcome of this litigation, and their claims against Defendants in their official capacities should be dismissed as moot.

## BACKGROUND

Plaintiffs—Navy SEAL 1, Navy SEAL 2, Navy SEAL 3, and Navy SEAL 4—are four current and former members of the United States Navy. Three Plaintiffs are currently serving on active duty with the United States Navy. Am. Compl. ¶¶ 9–10, ECF No. 43. The fourth Plaintiff, Navy SEAL 3, retired from active duty on July 1, 2022. Decl. of Captain Mery-Angela Sanabria Katson ¶ 2(c), ECF No. 44-3. Each Plaintiff requested a religious exemption from the COVID-19 vaccination requirement. Navy SEAL 1 and Navy SEAL 2 still have pending appeals. *Id.* ¶¶ 2(a), (b). Navy SEAL 3's appeal was removed from routing when he retired. *Id.* ¶ 2(c). Navy SEAL 4's appeal was denied on February 10, 2022, and he was ordered to receive the vaccine. *Id.* ¶¶ 2(d), 3.

Plaintiffs filed this action on March 11, 2022, alleging that the requirement for vaccination against COVID-19 violates the Religious Freedom Restoration Act ("RFRA"), the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth Amendment. Am Compl. ¶¶ 147–73, ECF No. 43. They seek an order declaring the challenged vaccination requirement unlawful and enjoining the enforcement of the vaccination requirement "and any and all adverse consequences" imposed upon them for failure to comply with the vaccination requirement. *Id.* at 40–41.[1]

---

[1] Plaintiffs also seek money damages against Admiral Michael Gilday, the Chief of Naval Operations, in his individual capacity. Am. Compl. at 41. Undersigned counsel represent Admiral Gilday in his official capacity only; he is separately represented in his individual capacity. In his individual capacity, Admiral Gilday continues to rely on the arguments he raised in Defendants' Joint Response to the

On March 25, 2022, Navy SEAL 4 moved for a preliminary injunction, ECF. No. 14-1, which this Court denied, *Navy SEAL 1 v. Austin*, --- F. Supp. 3d ---, 2022 WL 1294486 (D.D.C. Apr. 29, 2022).  That order is on appeal.  *See Navy SEAL 1 v. Austin*, No. 22-5114 (D.C. Cir.).[2] Additionally, Defendants have filed motions to dismiss, which are fully briefed, including a court-ordered surreply by Plaintiffs.  *See* ECF Nos. 44, 45, 48, 50, 51.[3]

On December 23, 2022, Congress passed Section 525 of the NDAA, which directed the Secretary of Defense, within 30 days, to rescind the August 2021 memorandum requiring vaccination of service members for COVID-19.  That same day, the Court issued a minute order directing the parties to show cause why this matter should not be dismissed as moot in light of the NDAA.  The parties each submitted briefing on January 6, 2023.  *See* Pls.' Resp. to Order to Show Cause Regarding Mootness, ECF No. 52; Defs.' Joint Resp. To the Order to Show Cause, ECF No. 53.  Defendants submitted that "[o]nce the Secretary of Defense takes the action required by Section 525, this case will become moot at least insofar as it seeks an injunction against enforcement of the military COVID-19 vacination requirement" and proposed that the parties submit additional briefing following the Secretary's recission of the COVID-19 vaccination requirement.  ECF No. 53 at 2.  On January 7, 2023, the Court issued a minute order directing Defendants to file a substantive response to Plaintiffs' Response to Order to Show Cause Regarding Mootness "no later than five days after the recission of the vaccine mandate at issue in

---

Order to Show Cause, ECF No. 53 ¶ 4, and his motion to dismiss, ECF No. 45-1 at 5–6, including lack of Article III ripeness, lack of appropriate relief, and qualified immunity.

[2] In that appeal, on January 6, 2023, the Court granted the government's motion to hold the case in abeyance, over Plaintiff's opposition, pending further order of the Court.

[3] On March 28, 2022, a federal district court in Texas issued a classwide injunction in *U.S. Navy Seals 1-26 v. Austin*, 594 F. Supp. 3d 767 (N.D. Tex. 2022).  Pursuant to that injunction, the Navy halted processing of religious accommodation requests (including appeals), as well as any adverse action (including discharge) based on refusal to comply with a vaccination order following the denial of a religious accommodation request.

this case."[4]  Defendants now submit that the NDAA, as implemented by the Rescission Memo, moots this case to the extent it seeks declaratory and injunctive relief, and thus moots this case as to the official-capacity Defendants.

## LEGAL STANDARDS

Article III of the Constitution limits federal court jurisdiction to "actual, ongoing controversies." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)) (quotations omitted).  Mootness is an Article III jurisdictional doctrine that "limits federal courts to deciding actual, ongoing controversies." *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011) (quoting *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (en banc)).  Courts must "evaluat[e] mootness 'through all stages' of the litigation in order to ensure there remains a live controversy." *21st Century Telesis Joint Venture v. FCC*, 318 F.3d 192, 198 (D.C. Cir. 2003) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  If facts develop such that a "decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a case is moot and the court should not decide it.  *Am. Bar Ass'n*, 636 F.3d at 645 (quoting *Clarke*, 915 F.2d at 701).

## ARGUMENT

### I.  THE NDAA, AS IMPLEMENTED BY THE RESCISSION MEMO, MOOTS THIS CASE.

"It is well established that a case must be dismissed as moot if new legislation addressing the matter in dispute is enacted while the case is still pending." *Am. Bar Ass'n*, 636 F.3d at 643; *see also Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) ("[T]he repeal, amendment, or expiration of challenged legislation is generally enough

---

[4] The Court of Appeals has similarly ordered the parties to brief, no later than January 27, 2023, "(1) whether the appeal is now moot, and (2) if not, whether or how the congressional directive to rescind the vaccine mandate, and the Secretary's action doing so, affect the merits of the appeal."

to render a case moot and appropriate for dismissal.").  Indeed, the District of Columbia Circuit has repeatedly confirmed that challenges to a policy are mooted when intervening legislation terminates that policy.  *See, e.g.*, *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 347 (D.C. Cir. 1997) (dismissing as moot challenge to a voter initiative that capped campaign-contribution levels due to subsequent legislation raising the caps above the voter initiative levels); *Defenders of Wildlife, Inc. v. Endangered Species Scientific Auth.*, 725 F.2d 726 (D.C. Cir. 1984) (holding that congressional amendments to Endangered Species Act mooted challenge to guidelines issued under the previous version of the statute); *see also Dep't of Treasury v. Galioto,* 477 U.S. 556, 556 (1986) (dismissing challenge to statute denying access to firearms based on prior mental institutionalization as moot due to intervening redraft of statute providing an administrative remedy for those affected).  This is especially true when intervening legislation moots an agency's policy.  *See, e.g.*, *Klayman v. Obama*, 759 F. App'x 1, 3 (D.C. Cir. 2019) (dismissing as moot challenge to bulk collection of telephone metadata where intervening legislation terminated telephone metadata collection program); *Am. Bar Ass'n*, 636 F.3d at 643 (D.C. Cir. 2011) (dismissing as moot challenge to FTC policy statement where intervening legislation materially redefined the term at issue).

The NDAA is intervening legislation that, as implemented by the Secretary's statutorily mandated Rescission Memo, ends any live controversy between Plaintiffs and Defendants.  The NDAA as implemented through the Rescission Memo gives Plaintiffs the relief sought in their Complaint against Defendants in their official capacity.  The Rescission Memo terminates the challenged vaccination requirement, rendering moot Plaintiffs' requests for declaratory relief and injunctive relief barring enforcement of the vaccination requirement.  It confirms that Plaintiffs will not be discharged based solely on their refusal to comply with the vaccination requirement,

and that any preexisting adverse action issued solely based on refusal to comply with the vaccination requirement—including Navy SEAL 4's adverse fitness report and Navy SEAL 1, Navy SEAL 2, and Navy SEAL 4's page 13 entries—will be removed.  Plaintiffs also allege that they have "lost benefits and career opportunities" due to their noncompliance with the vaccination requirement.  Resp. at 6.  But Plaintiffs allege no actual lost benefits or career opportunities up to this point.

Plaintiffs have also suggested that they continue to suffer reputational harm as a result of their noncompliance with the vaccination requirement while it was in effect.  "Reputational harm may constitute an ongoing, redressable injury where it 'derives directly from an *unexpired and unretracted* government action.'"  *Pulphus v. Ayers*, 909 F.3d 1148, 1153 (D.C. Cir. 2018) (emphasis added).  But "when injury to reputation is alleged as a secondary effect of an otherwise moot action," this Court has "required that 'some tangible, concrete effect' remain, susceptible to judicial correction,'" to save the action from mootness.  *Id.* at 1154 (quotations omitted).  Here, as in *Pulphus*, plaintiffs have suffered no "tangible" or "concrete" reputational consequence that would be "susceptible to judicial correction."  *Id.*

Plaintiffs can point to no further relief to be gained against Defendants in their official capacities by pursuing this lawsuit.[5]  Plaintiff cannot sustain a lawsuit based merely on their desire to prove that the vaccination requirement was unlawful prior to its termination.  A judicial ruling as to whether the now-rescinded policy violated RFRA, the First Amendment, or the Fifth Amendment would be an impermissible advisory opinion.  *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to

---

[5] Plaintiffs' claims for damages against Defendants in their individual capacities does not revive their claims against Defendants in their official capacities.  While Plaintiffs' claim for damages fails for other reasons regardless, *see supra* note 1, those claims have no bearing on whether Plaintiffs' claims against Defendants in their official capacity are moot.

give advisory opinions which cannot affect the rights of the litigants in the case before it."). Plaintiffs thus "lack a legally cognizable interest in the outcome" of this lawsuit. *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

Plaintiffs attempt to sustain their lawsuit based on various speculations. Plaintiffs speculate that Defendants are likely to reinstate the same COVID-19 vaccination requirement, and thus an exception to the mootness doctrine applies. To the contrary, as set forth below, neither the exception for issues capable of repetition yet evading review, nor the exception for voluntary cessation applies here.

### A. THE MOOTNESS EXEMPTION FOR ISSUES CAPABLE OF REPETITION YET EVADING REVIEW DOES NOT APPLY HERE.

Plaintiffs wrongly assert that the case falls under the mootness exception for issues capable of repetition yet evading review. "This exception applies where '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Pulphus*, 909 F.3d at 1154–55 (quoting *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017)). Plaintiffs meet neither prong.

Plaintiffs presents no evidence for the assertion that they will be subject to the same challenged COVID-19 vaccination requirement again in the future. Plaintiffs rely on speculation that Defendants will revive the same COVID-19 vaccination requirement. But Plaintiffs provide no evidence of any such expectation, much less a "reasonable expectation," *Pulphus*, 909 F.3d at 1154–55, that they will be subject to the same challenged COVID-19 vaccination requirement in the future.

Even if the military were to subject plaintiffs to a new COVID-19 vaccination requirement, there would be no "reasonable expectation" that any such requirement would be "the same" as the one that has now been rescinded. *Id.* If the military or one of its Services were to impose a different vaccination requirement—for example, one applicable to service members who are about to deploy to a particular location—then any RFRA challenge to that policy, and the imposition of discipline for noncompliance with such a requirement, would raise different issues than this case raises. In that circumstance, even if Plaintiffs themselves were subject to a new or different requirement in the future, "'the same parties'" would not be "'engag[ing] in litigation over the same issues'"—a precondition for the capable-of-repetition exception to apply. *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017). Moreover, "[i]t does not matter that the [agency] might hereafter . . . promulgate *new* rules" because "[t]hese are merely hypothetical possibilities." *Am. Bar Ass'n*, 636 F.3d at 647. Mere "*possibilities* regarding regulations and enforcement policies that do not presently exist" are "not enough to give rise to a live dispute." *Id.*

Regardless, a vaccination requirement would not be so short in duration as to evade review. *See United Bhd. of Carpenters & Joiners of Am. v. Operative Plasterers' & Cement Masons' Int'l Ass'n of the U.S. & Can.*, 721 F.3d 678, 688 (D.C. Cir. 2013) ("To evade review, the challenged action must be incapable of surviving long enough to undergo Supreme Court review."). The relevant inquiry under the evading-review prong is "whether 'the challenged activity is *by its very nature short in duration,* so that it could not, or probably would not, be able to be adjudicated while fully live.'" *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (quoting *LaRouche v. Fowler,* 152 F.3d 974, 978 (D.C. Cir. 1998)). A vaccination requirement is, by its nature, not short in duration. *Cf. Del Monte Fresh Produce Co. v. United States*, 570 F.3d

316, 322 (D.C. Cir. 2009) (finding mootness exception applied to challenge to delay in issuance of an export license, where average length of delay was 74 days).  The mere fact that Congress terminated the vaccination requirement before Plaintiffs brought their case to the Supreme Court does not trigger the exception.  Indeed, two other lawsuits challenging the vaccination requirement reached the Supreme Court long before the NDAA terminated the vaccination requirement.  *See Dunn v. Austin*, 142 S. Ct. 1707 (2022); *Navy SEALs 1–26 v. Austin*, 142 S. Ct. 1301, 1301 (2022).  Thus, even assuming Plaintiffs were subject to a new or different COVID-19 vaccination requirement in the future, there would be no barrier to reviewing that requirement.

Accordingly, the exception for issues capable of repetition yet evading review does not apply.

### B.  THE MOOTNESS EXCEPTION FOR VOLUNTARY CESSATION DOES NOT APPLY HERE.

The voluntary cessation exception does not apply for similar reasons.  Under that doctrine, a defendant's voluntary cessation of challenged conduct moots a case when "(i) there is no reasonable expectation . . . that the alleged violation will recur, and (ii) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Pinson v. U.S. Dep't of Just.*, 514 F. Supp. 3d 232, 245 (D.D.C. 2021) (quoting *Aref v. Lynch*, 833 F.3d 242, 251 (D.C. Cir. 2016)) (quotations omitted).

First, contrary to Plaintiffs' assertions, Defendants' cessation of the vaccination requirement was not voluntary.  Defendants "most assuredly did not alter [their own course] in order to avoid litigation."  *Am. Bar Ass'n*, 636 F.3d at 648.  Rather, intervening legislation—in the form of the NDAA—required DoD to rescind the vaccination mandate.  *See id.* (finding voluntary cessation exception did not apply where "intervening legislation simply nullified the [agency's challenged] policy statement").  The NDAA "specifically forbids the kind of [action] challenged

in this suit" and "[t]he cessation of the [vaccination requirement] was therefore not voluntary." *Klayman*, 759 F. App'x at 3; *see also J. T. v. D.C.*, 983 F.3d 516, 523 (D.C. Cir. 2020) ("'The voluntary-cessation doctrine has no apparent relevance' where the 'source of cessation . . . lies beyond the unilateral legal authority of any of the named defendants.'" (quoting *Guedes v. ATF*, 920 F.3d 1, 15 (D.C. Cir. 2019) (per curiam)).

Second, even assuming Defendants' cessation was voluntary, Plantiffs still fail to show any "reasonable expectation that the alleged violation will recur." *Nat'l Black Police Ass'n*, 108 F.3d at 349 (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)).   A "presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (quoting *United States v. Chemical Found. Inc.*, 272 U.S. 1, 14–15 (1926)).   Thus, "[w]ithout evidence to the contrary, [courts] assume that formally announced changes to official governmental policy are not mere litigation posturing." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009) ("[G]overnment actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties."), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011).   It is settled practice in this Circuit and others to lend a presumption of regularity to voluntary cessation by government actors. *See Pinson*, 514 F. Supp. 3d at 245 ("[W]here the defendant is a government actor—and not a private litigant—there is less concern about the recurrence of objectionable behavior[.]" (quoting *Citizens for Responsibility & Ethics in Wash. v. SEC*, 858 F. Supp. 2d 51, 61–62 (D.D.C. 2012))); *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 918 F.3d 151, 157–59 (D.C. Cir. 2019) (recognizing that an unambiguous representation by an agency official would be entitled

to presumption of regularity and could satisfy burden for voluntary cessation purposes); *Comm. in Solidarity With People of El Salvador (CISPES) v. Sessions*, 929 F.2d 742, 745 (D.C. Cir. 1991) (explaining that, in deciding "whether a case presents a live controversy," it is "settled practice" to accept government defendants' representations regarding cessation); *Keister v Bell*, 29 F 4th 1239, 1250 (11th Cir. 2022) ("Government defendants receive the benefit of the doubt in voluntary-cessation cases: When they voluntarily stop the challenged conduct, a rebuttable presumption arises that they will not reengage in it.").  As discussed above, Plaintiffs present no evidence— much less "clear evidence," *Nat'l Archives & Records Admin.*, 541 U.S. at 174—that Defendants intend to revive the challenged vaccination requirement contrary to the NDAA and the Rescission Memo.  Thus, the exception for voluntary cessation does not apply.

Accordingly, Plaintiffs' claims against Defendants in their official capacity should be dismissed as moot.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against Defendants in their official capacity as moot.

Dated: January 17, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Cassandra Snyder*
ANDREW E. CARMICHAEL
Senior Trial Counsel
MICHAEL P. CLENDENEN
JOHNNY H. WALKER
CASSANDRA M. SNYDER (DC Bar #1671667)
Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 451-7729
Fax: (202) 616-8470
Email: cassandra.m.snyder@usdoj.gov

*Attorneys for Official-Capacity Defendants*