UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAVY SEAL 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LLOYD AUSTIN, in his official capacity as Secretary of the United States Department of Defense, *et al.*, <br><br> Defendants. | Civil Action No. 22-0688 (CKK) |

ORDER
(March 20, 2024)

Before the Court is Plaintiffs' [59] Motion to Amend, Alter, Clarify, and/or Reconsider Order Dismissing Case on Mootness Grounds ("Motion" or "Mot."). Plaintiffs request that the Court "amend, alter, clarify, and/or reconsider" its March 2023 Order, ECF No. 58, in which the Court dismissed this case as moot, Mot. at 1. Plaintiffs argue that their case is not moot and the Court therefore should allow it to proceed on the merits. Pls.' Mem., ECF No. 59-1, at 7. The Court will begin by addressing Plaintiffs' claims against Defendants in their official capacity, before turning to Plaintiffs' claims against Defendant Admiral Michael Gilday in his individual capacity.

Although the Federal Rules of Civil Procedure do not address motions for reconsideration, *Lance v. Un. Mine Workers of Am. 1974 Pen. Trust*, 400 F. Supp. 2d 29, 31 (D.D.C. 2005) (RCL), a motion to reconsider a final judgment is ordinarily treated as a Rule 59(e) or Rule 60(b) motion, *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). A similar analysis applies under either rule. *See Elec. Priv. Info. Ctr. v. U.S. Dep't Homeland Sec.*, 811 F. Supp. 2d 216, 224 (D.D.C. 2011) (RMU). A district court has "significant discretion" in deciding whether to grant

1

or deny a motion for reconsideration. *Comp. Pro. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996). However, motions for reconsideration are "disfavored" and granting one is considered an "unusual measure." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013) (RWR) (citation omitted). Similarly, there is no provision that governs motions for clarification. *See United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (PLF). But the "general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (GK).

In this case, Plaintiffs' basis for reconsideration is "the need to correct clear error or prevent manifest injustice."[1] Pls.' Mem. at 11. The provision relevant to such a claim is Rule 60(b)(6), which grants relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see Robinson-Reeder v. Am. Council on Educ.*, 674 F. Supp. 2d 49, 59 (D.D.C. 2009) (JDB) (finding that an allegation of "massive errors" is properly characterized as a motion under Rule 60(b)(6)). Broadly, Plaintiffs allege that the Court erred by dismissing their case on mootness grounds. Pls.' Mem. at 12. Plaintiffs also take issue with the lack of clarification in the Court's March 2023 Order. *Id.* at 6; *see* Order, ECF No. 58.

The Court's dismissal of Plaintiffs' case was based on the U.S. Court of Appeals for the District of Columbia Circuit's ("D.C. Circuit's") March 10, 2023 Order ("D.C. Circuit Order"), in which the D.C. Circuit dismissed as moot Plaintiff Navy Seal's appeal of the denial of his preliminary injunction. *See* Order, ECF No. 58; *see also Navy Seal 1 v. Austin*, No. 22-5114, 2023 WL 2482927, at *1 (D.C. Cir. Mar. 10, 2023) (concluding that appeal of the Court's order denying appellant's motion for preliminary injunction was moot). The Court shall provide the following

---

[1] Plaintiffs also raise the "availability of new evidence," Pls.' Mem. at 11, but fail to address what "new evidence" is now available, *see generally* Pls.' Mem.; *see also* Pls.' Reply, ECF No. 63.

clarification.

Following the passage of the James M. Inhofe National Defense Authorization Act of Fiscal Year 2023 ("NDAA 2023"), Pub. L. No. 117-263, 136 Stat. 2395 (2022), Secretary of Defense Lloyd Austin issued a memorandum in January 2023 ("Recission Memorandum"), rescinding the August 2021 memorandum that required vaccination of service members for COVID-19.  *See* Jan. 2023 Mem., ECF No. 55-1.  The Recission Memorandum further provided that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious . . . grounds," and that the "Military Departments will update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand."  *Id.* at 1.  Subsequently, on March 10, 2023, the D.C. Circuit dismissed as moot Plaintiff Navy Seal 4's appeal of the Court's denial of his preliminary injunction.  *See Navy Seal 1*, 2023 WL 2482927, at *1.  The D.C. Circuit predicated the dismissal on the Recission Memorandum, as well as the subsequent directives formally implementing the Secretary of Defense's rescission of the vaccination requirement, including memoranda issued by the Deputy Secretary of Defense, Secretary of the Air Force, Secretary of the Navy, Chief of Naval Operations, and Under Secretary of Defense.  *Id.*

With respect to Defendants in their official capacities, Plaintiffs sought injunctive relief "enjoining the enforcement of the COVID-19 Vaccine Mandate and any and all adverse consequences Defendants have imposed . . . upon Plaintiffs for objecting to the mandate on religious grounds," as well as declaratory relief "that the challenged COVID-19 Vaccine Mandate violates [Plaintiffs'] rights protected by . . . the U.S. Constitution and the Religious Freedom

Restoration Act ('RFRA')."[2]  Am. Compl., ECF No. 43, ¶ 2.

As a result of the rescission of the COVID-19 vaccination mandate, Plaintiffs' challenge to the vaccination mandate was rendered moot.  *See* Jan. 2023, Mem., ECF No. 55-1; *see also Navy Seal 1*, 2023 WL 2482927, at *1 (concluding that appeal of the Court's order was moot). "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Larsen v. U.S. Navy*, 525 F.3d 1, 3–4 (D.C. Cir. 2008) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  "This occurs when, among other things, the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought." *Cons. Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984)).  If a case becomes moot, federal courts are divested of jurisdiction over the action.  *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Plaintiffs arguments for their official capacity claims are unavailing.  *See generally* Pls.' Mem.  First, the capable of repetition yet evading review exception to mootness is inapplicable because the record does not lead to a "reasonable expectation" that Plaintiffs "will be subjected to the same action again." *Trump v. Mazars USA, LLP*, 39 F.4th 774, 785 (D.C. Cir. 2022) (internal quotation marks omitted).  Plaintiffs offer mere speculation that the COVID-19 vaccination mandate will be reinstated.  *See* Pls.' Resp., ECF No. 52, at 8 ("And there is nothing in the FY23 NDAA that prevents [the President] or his defense secretaries from ordering another similar mandate.").  Similarly, the voluntary cessation exception to mootness does not apply.  *See* Pls.' Resp., ECF No. 52, at 8 ("The Government is free to return to its old ways[.]").  Defendants

---

[2] Plaintiffs also sought monetary damages under the RFRA against Defendant Admiral Gilday in his individual capacity as he was "directly responsible for the harm caused to Plaintiffs."  Am. Comp., ECF No. 43, ¶ 2.  The Court shall address Plaintiffs' individual capacity claim further below.

theoretical ability to impose a new COVID-19 vaccination mandate is insufficient "to conclude that a reasonable expectation of recurrence exists." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008); *see Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) ("[T]he mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists.").

Moreover, Plaintiffs' claims for declaratory relief, *see* Am. Compl. at 40–41, were rendered moot when the vaccination mandate at issue was rescinded, *see Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415 (1972) (declaratory judgment "is, of course, inappropriate now that the statute has been repealed"); *see also Foretich v. United States*, 351 F.3d 1198, 1212–13 (D.C. Cir. 2003) (noting that D.C. Circuit's "case law makes clear that where reputational injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III"). Finally, to the extent Plaintiffs seek damages against Defendants in their official capacity, Plaintiffs fail to identify a waiver of sovereign immunity for that damages claim. *See Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006) (affirming the dismissal of a damages claim for lack of jurisdiction and concluding that RFRA "does not waive the federal government's sovereign immunity for damages").

As for Defendant Admiral Gilday, Plaintiffs seek "damages" for "the harm caused by his actions" in his individual capacity. Am. Compl. at 41. The Supreme Court made clear that the RFRA's "express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities." *Tanzin v. Tanvir*, 592 U.S. 43, 52 (2020). Defendant Admiral Gilday concedes that Plaintiffs' "claim for retrospective monetary relief under the [RFRA]" against him in his individual capacity remained justiciable after the D.C.

Circuit's Order. Def. Gilday's Resp., ECF No. 62, at 2. Although Defendant Admiral Gilday contends that dismissal of this claim is nonetheless appropriate, *id.* at 2, a dismissal based on mootness grounds is distinct from a dismissal based on the merits, *Heckler*, 464 U.S. at 70 ("Federal courts lack jurisdiction to decide moot cases[.]"); *see Allen v. Brown*, 320 F. Supp. 3d 16, 36 (D.D.C. 2018) (ESH) ("A dismissal for lack of [] jurisdiction is not a judgment on the merits."). As such, the Court shall grant in part Plaintiffs' motion to reconsider this issue and reinstate their individual capacity claim against Defendant Admiral Gilday.

In sum, Plaintiffs' [59] Motion to Amend, Alter, Clarify, and/or Reconsider Order is **GRANTED** to the extent Plaintiffs sought clarification of the Court's Order, which has been provided above. The Court shall further **DENY IN PART** Plaintiffs' [59] Motion with respect to Plaintiffs' claims against Defendants in their official capacities and **GRANT IN PART** Plaintiffs' [59] Motion with respect to Plaintiffs' claim against Defendant Admiral Gilday in his individual capacity. Plaintiffs' individual capacity claim against Defendant Admiral Gilday shall be reinstated. The parties are directed to file a **joint status report**, on or before **April 16, 2024**, indicating how they would like to proceed with Plaintiffs' individual capacity claim.

SO ORDERED.

Dated: March 20, 2024

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge